# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | | 3:13-CR-230 |
| | : | |
| v. | | |
| | : | (JUDGE MANNION) |
| **RICHARD MURPHY,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

**I.     BACKGROUND**

On November 23, 2020, defendant Richard Murphy, formerly an inmate at USP-Cannan, Waymart, Pennsylvania, filed, *pro se*, a second Motion for Compassionate Release from prison and request for a reduction in his sentence under 18 U.S.C. §3582(c)(1)(A), based on the COVID-19 pandemic and his alleged medical conditions. (Doc. 124). Defendant filed a brief in support of his motion and a supplement. (Docs. 125 & 126). Specifically, as relief, defendant requested the court to reduce his sentence by about six months and terminate early the remainder of his 24-month prison sentence, and order his immediate release from prison.

Since the complete background of defendant's case is stated in the government's brief in opposition, (Doc. 128 at 2-3), it is not fully repeated

1

herein. Suffice to say that on July 29, 2020, the Third Circuit affirmed this court's September 30, 2019 judgment, (Doc. 108), revoking Murphy's supervised release and imposing a 24-month term of imprisonment for violations of the terms of his release by committing burglary and assault after he served his underlying 41-month prison sentence for a drug-related offense. (Doc. 119).

On June 22, 2020, Murphy filed his first Motion for Compassionate Release under 18 U.S.C. §3582(c)(1)(A), and the court dismissed it without prejudice for lack of jurisdiction due to his failure to exhaust his BOP administrative remedies. (Docs. 122 & 123).

On November 23, 2020, Murphy filed his second Motion for Compassionate Release after he had exhausted his BOP administrative remedies. (Doc. 124). On December 15, 2020, the government responded to defendant's motion, arguing that it should be dismissed on its merits. (Doc. 128).

On January 26, 2021, defendant filed his reply brief. (Doc. 132). He also subsequently filed two letters with the court regarding his motion. (Docs. 133 & 134).

After defendant's motion was briefed by the parties, and while it was pending with the court, defendant was released from prison by the BOP on May 10, 2021. *See* BOP inmate locator, available at https://www.bop.gov/inmateloc/# (last visited May 11, 2021).

II. **DISCUSSION**

The question that arises here is whether defendant Murphy's instant motion is now moot since he has served his prison sentence and was released from confinement by the BOP. "A federal court must resolve a question of mootness before it assumes jurisdiction." Goins v. United States, 2019 WL 3084244, *4 (E.D. TN. July 15, 2019) (citation omitted). "Mootness deprives a court of its 'power to act; there is nothing for [it] to remedy, even if [it was] disposed to do so.'" *Id*. (citation omitted).

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009) (citation omitted). "The 'case or controversy' requirement continues through all stages of federal judicial proceedings and requires that parties have a personal stake in the outcome." Reyes v. Federal BOP, 2019 WL 4302964, *1 (D. N.J. Sept. 11, 2019) (citing Burkey, 556 F.3d

at 147). "For there to remain a case or controversy, there must be a likelihood that the petitioner's injury would be redressed by a District Court's grant of his habeas corpus petition." *Id.* (citing Burkey, 556 F.3d at 150).

"[Defendant] has been released from BOP custody, presumably onto the supervised release portion of his sentence." *Id*. Thus, the court cannot reduce his sentence and order the BOP release him from prison as he requests in his motion since he "has completed his period of incarceration and is no longer in BOP custody." *Id*.

"In Burkey, the Third Circuit affirmed the district court's determination that a §2241 petition challenging a prison disciplinary hearing was moot after the petitioner was released from BOP custody onto supervised release." *Id*. at *2 (citation omitted). "The [Third Circuit] reasoned that petitioner's sentence had expired and that delayed commencement of a 'validly imposed term of supervised release' is insufficient to be a 'continuing injury' to avoid mootness after release from BOP custody." *Id*. (citing Burkey, 556 F.3d at 148).

In his motion for compassionate release, defendant Murphy only seeks the court to reduce his sentence and to direct the BOP to release him

4

from prison and, thus, there is no longer a live case or controversy based on defendant's May 10, 2021 release from prison. *See id*.

As such, the court will dismiss defendant Murphy's second motion for compassionate release as moot. *See* Goins, 2019 WL 3084244, *5 ("Because the commutation of Petitioner's sentence and his unconditional release from that sentence 'makes it impossible for the court to grant [him] any effectual relief whatever,' this Court concludes that the [] motion, …, is moot and that the Court lacks jurisdiction over the motion." (internal citations omitted).

III. **CONCLUSION**

Defendant Murphy's second Motion for Compassionate Release and for immediate release from confinement, **(Doc. 124)**, will be **DISMISSED AS MOOT**. An appropriate order will follow.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated: May 17, 2021**
13-230-02